# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| REGIONS BANK, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED CARWASH TECHNOLOGIES, )<br>LLC, )<br>)<br>    Defendant. ) | No. 4:12-CV-888 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on counsel for defendant's motion for leave to withdraw. For the following reasons, the motion will be held in abeyance, and the Court will impose a notice of withdrawal period until May 8, 2013. The Court will permit defense counsel to withdraw from representation of the defendant on May 8, 2013, regardless of whether defendant has retained substitute counsel.

**Background**.

Plaintiff filed this action against defendant for fraudulent transfer of assets, alter ego, and for an accounting. Defendant appeared in this action and filed its answer through attorneys Ryan Mason and Spencer Desai of the law firm Desai and Eggmann, LLC. The parties submitted a joint scheduling plan on July 3, 2012, and the Court issued a Case Management Order on July 11, 2012. On February 1, 2013, defendant filed a motion for summary judgment.

On April 11, 2013, defendant's counsel filed a motion to withdraw. Counsel stated that defendant "has neither the will nor the resources to continue defending this case, and has discharged Counsel." Because they have been discharged, counsel states that withdrawal is proper.

**Discussion**

This Court has adopted the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended by that Court. E. D. Mo. Local Rule 12.02. According to the Missouri Rules of Professional Conduct, a lawyer shall withdraw from representation of a client if he has been discharged. See Missouri Rules of Professional Conduct 4-1.16(a)(3). The comments for this rule state, "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services," Id., Comment 4. In this action, the Court finds that defendant has discharged its counsel.

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

"Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance defense counsel's motion for leave to withdraw as counsel and order defendant to obtain substitute counsel no later than May 8, 2013. If defendant fails to obtain substitute counsel within that time, Advanced Carwash Technologies, LLC may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487,

490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's request to withdraw from representation of defendant will be granted when substitute counsel enters an appearance or on May 8, 2013, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that counsel Spencer Desai and Ryan Mason's motion for leave to withdraw as counsel for defendant will be held in **abeyance** and the Court will impose a withdrawal notice period until May 8, 2013.

**IT IS FURTHER ORDERED** that defendant Advanced Carwash Technologies, LLC shall obtain substitute counsel no later than May 8, 2013.

**IT IS FURTHER ORDERED** that defendant's substitute counsel, if any, shall file an entry of appearance no later than May 8, 2013.

**IT IS FURTHER ORDERED** that counsel Spencer Desai and Ryan Mason shall provide a certified copy of this order to the defendant and file a notice with the Court that this has been done, within ten days of the date of this Order.

**IT IS FURTHER ORDERED** that on May 8, 2013, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the request of attorneys Spencer Desai and Ryan Mason and the law firm of Desai and Eggmann, LLC to withdraw from their representation of defendant.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending further order of the Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of April, 2013.