UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGIONS BANK, )
 )
    Plaintiff, )
 )
v. ) No. 4:12-CV-888 CAS
 )
ADVANCED CARWASH TECHNOLOGIES, )
LLC, )
 )
    Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to strike defendant's answer. For the following reasons, the Court will grant plaintiff's motion to strike.

**I.    Background**

Plaintiff filed this action against defendant for fraudulent transfer of assets, alter ego, and for an accounting. Defendant appeared in this action and filed its answer through attorneys Ryan Mason and Spencer Desai of the law firm Desai and Eggmann, LLC. The parties submitted a joint scheduling plan on July 3, 2012, and the Court issued a Case Management Order on July 11, 2012. On February 1, 2013, defendant filed a motion for summary judgment.

On April 11, 2013, counsel for defendant filed a motion to withdraw. Counsel stated that defendant "has neither the will nor the resources to continue defending this case, and has discharged Counsel." On April 17, 2013, after a hearing, the Court held that motion in abeyance, and ordered defendant to obtain substitute counsel no later than May 8, 2013. Defendant did not obtain substitute counsel by May 8, 2013. The Court granted defense counsel's motion to withdraw on

May 9, 2013. In response to the Court's order of May 9, 2013, plaintiff's counsel filed, inter alia, a motion to strike defendant's pleadings.

**II.      Discussion**

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2012). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike defendant's answer. Defendant has failed to comply with the Court's order of April 17, 2013. Defendant asserted to its former counsel that it "has decided to cease defending this case," therefore, it is apparent that defendant will not comply with the Court's order in the future. See Doc. 58-2. Therefore the Court will strike defendant's answer.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to strike defendant's answer is **GRANTED**. [Doc. 58]

IT IS FURTHER ORDERED that the answer of defendant Advanced Carwash Technologies, LLC is **STRICKEN** from the record. [Doc. 6]

IT IS FURTHER ORDERED that any pending motions are **DENIED as moot**. [Docs. 21 and 38]

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of May, 2013.