UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGIONS BANK, f/k/a UNION PLANTERS BANK, N.A., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:12-CV-888 CAS ) |
| ADVANCED CARWASH TECHNOLOGIES, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On May 10, 2013, plaintiff filed a motion for entry of default against defendant Advanced Carwash Technologies, LLC ("Advanced Carwash"). Although the motion is titled as a motion for entry of default and cites Federal Rule of Civil Procedure 55(a), the motion seeks entry of default judgment pursuant to Rule 55(b).

As an initial matter, an entry of default from the Clerk of the Court pursuant to Rule 55(a) is a prerequisite to and must precede the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781,783 (8th Cir. 1998); see 10 Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d §§ 2682 at 406, 2683 at 413 (1983). The Court's Order issued May 9, 2013 advised plaintiff to file separate motions for clerk's entry of default and, if appropriate, for default judgment, along with all necessary supporting documentation and proposed orders. See Doc. 57 at 2-3. Plaintiff has not filed a separate motion for clerk's entry of default as provided by Rule 55(a), and for this reason the Court will deny without prejudice plaintiff's motion for default judgment.

Additionally, in ruling on a motion for default judgment, the Court must ascertain the amount of damages. See Hagen v. Sisseton-Wahpeton Community College, 205 F.3d 1040, 1042 (8th Cir. 2000). A party entitled to default judgment is required to prove the amount of damages that should be awarded. Oberstar v. F.D.I.C., 987 F.2d 494, 505 n.9 (8th Cir. 1993). A hearing is not always required on default judgment; the default judgment may be based on affidavits and submissions of the parties. See 10 James Wm. Moore, et al., Moore's Federal Practice, § 55.32[2][a]-[f] (3d ed. 2008).

Plaintiff seeks a judgment that includes its costs and attorneys' fees. See Doc. 59 at 3. But plaintiff has not submitted any information regarding these requested costs and attorneys' fees. Plaintiff's attorneys have not submitted any billing records, invoices, or other documentation itemizing the fees and costs incurred in the firm's representation of plaintiff. More importantly, plaintiff has not submitted any legal authority that would support its request for attorneys' fees in this action for fraudulent transfer of assets, alter ego, and attachment and accounting of assets.

The Court will order plaintiff to file a motion for clerk's entry of default pursuant to Rule 55(a) against defendant. Also, plaintiff shall file a separate motion for default judgment pursuant to Rule 55(b). If plaintiff requests costs and attorneys' fees, it is plaintiff's burden to show its entitlement to such costs and fees and to submit documentation in support of its calculation of such costs and fees.

Finally, in the Court's Order dated May 9, 2013, the Court ordered plaintiff to file a proposed order for the Court's consideration. Plaintiff has not filed a proposed order, and the Court will again order plaintiff to file a proposed order on any motion for default judgment.[1] See Doc. 57 at 3.

---

[1] In addition to being electronically filed as a .pdf document, a courtesy copy of all proposed orders should be sent in a word processing format to the Court's proposed orders e-mail inbox, at MOED_Proposed_Orders@moed.uscourts.gov. See Administrative Procedures

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for entry of default is **DENIED without prejudice**. [Doc. 59]

**IT IS FURTHER ORDERED** that plaintiff shall, within seven (7) days of the date of this order, file a motion for entry of default by the Clerk of the Court under Federal Rule of Civil Procedure 55(a). This motion shall include a Certificate of Service certifying that a copy of the motion was mailed to defendant Advanced Carwash Technologies, LLC. Failure to comply with this order may result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff shall, within fourteen (14) days of the date of this order, file a separate motion for default judgment under Federal Rule of Civil Procedure 55(b), along with all necessary supporting documentation. This motion shall include a Certificate of Service certifying that a copy of the motion was mailed to defendant Advanced Carwash Technologies, LLC. If such motion seeks an award of costs and attorneys' fees, plaintiff shall include in the motion its legal authority for such an award and submit billing records, invoices, or other documentation in support of its request. Failure to comply with this order may result in a denial of plaintiff's claim for attorneys' fees and costs.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of May, 2013.

---

for Case Management/Electronic Case Filing, § II. J.